UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH KREPPS,

    Plaintiff,

CASE NO.:

LAW OFFICES OF ROSS GELFAND, LLC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiff, RALPH KREPPS [hereinafter Plaintiff] by and through undersigned counsel, and sue Defendant, LAW OFFICES OF ROSS GELFAND, [hereinafter Defendant], and allege:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in the Plaintiff resides in Hillsborough County, Florida and the Defendant conducted business in Hillsborough County, Florida.

### PARTIES

4. Plaintiff is a natural person who resides in Tampa, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency doing business in Hillsborough County, Florida and is at all times mentioned in this complaint, a "collector" as defined by 15 U.S.C. §1692a(6).

## FACTS COMMON TO ALL COUNTS

6. The Plaintiff allegedly incurred a "debt" which is a consumer debt as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat. That debt was later transferred or assigned to the Defendant, Law Offices of Ross Gelfand, LLC for the purpose of collection.

7. Beginning in October, 2012, Amir Robbins, an agent or employee of the Defendant, began relentlessly calling the Plaintiff at home and at work in an attempt to collect a debt.

8. Amir Robbins was repeatedly instructed that the Plaintiff could not take calls at his place of employment. Despite the repeated warnings, Amir Robbins continued to flood the phone lines at Plaintiff's work place, calling several minutes apart and harassing the office staff and in addition disclosed that he was a debt collector for the Defendant.

9. The above-detailed conduct by the Defendant of harassing the Plaintiff in an effort to collect another consumer's debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and resulted in actual damages to the Plaintiffs.

10. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationship with her family members.

11. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and

abusive invasions of personal privacy.

## COUNT ONE:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the test enunciated in Exposition Press Inc. v. FTC, 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public— that vast multitude which includes the ignorant, the unthinking and the credulous." *Jeter*, 760 F.2d at 1172-73 (internal citations omitted).

14. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to 15 U.S.C § 1692d, (Any conduct the natural consequence of which is to harass, oppress, or abuse any person); 15 U.S.C § 1692e, (Any false, deceptive, or misleading representation or means in connection with the debt collection); 15 U.S.C § 1692c(a)3, (contacting debtor at place of employment after being on notice that the employer prohibits such communications 15 U.S.C. §1692d(5) caused the phone to ring repeatedly) and 15 U.S.C. §1692f, (Any unfair or unconscionable means to

collect the alleged debt with respect to the Plaintiff.)

15. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO:

## FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785).

17. By repeatedly and abusively contacting the Plaintiff at his workplace after being told it was prohibited and disclosing the nature of the calls was debt collection the Defendant has violated the FCCPA by:

a. Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; Fla. Stat. §559.72(7);

b. Communicate or threaten to communicate with a debtor's employer before obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection. However, this does not prohibit a person from telling the

debtor that her or his employer will be contacted if a final judgment is obtained. Fla. Stat. §559.72(4);

  c. Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false. Fla. Stat. §559.72(7);

  20. As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to his reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

  21. Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and are obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiffs prevail in this matter.

  WHEREFORE, Plaintiff, demands judgment against Defendant for damages, injunctive relief, punitive damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

                                       COLLINS & STORY, P.A.

                                       _____
MAX STORY, ESQ.
Florida Bar No. 527238
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Facsimile: (904) 634-1507
max@collinsstorylaw.com
Attorney for Plaintiffs